**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| NORTH AMERICAN BIOFUELS COMPANY-N.J., LLC et al., | : : : : | Civil Action No. 15-2969 (SRC) |
| Plaintiffs, | : : |  |
| v. | : : | **OPINION** |
| C. DAVID BUTLER, II et al. | : : |  |
| Defendants. | : : |  |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, by Defendants C. David Butler, II ("Butler"), Bill Malone ("Malone"), and Bridgeport Biodiesel ("BBD") (collectively, "Defendants"). For the reasons stated below, the motion will be granted.

This case arises from a dispute over a grease-processing business arrangement that hit the skids. The following facts are undisputed. Butler founded Plaintiff North American Biofuels Company-N.J., LLC ("NABFCNJ") in 2006. In August of 2009, Butler and Plaintiff John Larkin ("Larkin") executed the Purchase Agreement, selling 98% of Butler's interest in NABFCNJ to Larkin. In September of 2009, Larkin, acting as President of NABFCNJ, and Defendant Malone, acting as President of BBD, executed the Non-Disclosure and Non-Circumvention Agreement ("ND/NC Agreement").

In 2015, Plaintiffs filed a Complaint which alleges that, in 2012, BBD employed Butler, who misappropriated and misused the confidential information and trade secrets belonging to NABFCNJ, causing breaches of the Purchase Agreement and ND/NC Agreement. The

Complaint asserts seven claims: 1) breach of contract (Purchase Agreement); 2) breach of the implied covenant of good faith and fair dealing (Purchase Agreement); 3) misappropriation of trade secrets by Butler; 4) breach of contract (ND/NC Agreement); 5) breach of the implied covenant of good faith and fair dealing (ND/NC Agreement); 6) tortious interference with contract; and 7) misappropriation of trade secrets by Malone and BBD. Defendants now move for summary judgment on all claims.

Plaintiffs bear the burden of proof for all claims. "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Defendants, as the movants without the burden of proof at trial, satisfy their initial summary judgment burden by pointing to the absence of evidence to support Plaintiffs' case.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). The Supreme Court has held:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex, 477 U.S. at 322-323. Thus, as to each claim, to defeat the motion for summary

2

judgment, Plaintiffs must point to sufficient evidence to allow a jury to find in their favor at trial.

Local Civil Rule 56.1(a) states, in relevant part:

> The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. In addition, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition.

Plaintiffs' opposition brief contains both a "Statement of Facts" and a statement of facts in opposition to Defendants' statement of facts.  Neither statement of facts contains any citation to any evidence of record.  As such, Plaintiffs have failed to satisfy the requirements of L. Civ. R. 56(a) and have not "substantiate[d] the factual basis for opposition."

Moreover, Federal Rule of Civil Procedure 56(c) states:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Plaintiffs have failed to support their factual contentions as required by Rule 56(c)(1).

Because Plaintiffs are the non-movants with the burden of proof at trial, and have failed to cite to particular parts of materials in the record to support their factual assertions, there has been a complete failure of proof as to every claim in the Complaint.  Rule 56(a) states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to

3

any material fact and the movant is entitled to judgment as a matter of law." Plaintiffs have cited no evidence in support of their case. The only remaining questions are whether, for each claim, a reasonable jury could hear the evidence of record – which is the evidence cited by Defendants – and decide in favor of Plaintiffs, and whether the movants have shown that they are entitled to judgment as a matter of law. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'")

Count I asserts that, in short, in working for BBD in 2012, Butler breached clause 4, a non-compete clause, in the Purchase Agreement executed by Plaintiff Larkin and Defendant Butler in August of 2009. Defendants move for summary judgment on Count I with several arguments, including that clause 4 is unenforceable under New Jersey law.

Clause 4 of the Purchase Agreement begins as follows:

> ***Non-Competition Agreement.*** The Seller, for himself, and on behalf of any company in which Seller owns a controlling interest, agrees that he and such companies shall not, for a period of five (5) years from the Effective Date, compete, directly or indirectly, with the Business of the Company, anywhere within North America, Central America or South America. . .

(Butler Dec. Ex. B § 4.) The parties do not dispute that, under New Jersey law, an agreement not to compete:

> will nonetheless be given effect if it is reasonable in view of all the circumstances of the particular case. It will generally be found to be reasonable where it simply protects the legitimate interests of the employer, imposes no undue hardship on the employee, and is not injurious to the public.

Solari Industries, Inc. v. Malady, 55 N.J. 571, 576 (1970).[1] Furthermore:

---

[1] This Court need not address the legal question of application of the Solari standard to the sale of a business rather than an employee contract. This issue was raised only by Defendants; Plaintiffs' opposition brief applies Solari to this case. (Pls.' Opp. Br. 10.) In any

4

>three additional factors should be considered in determining whether the restrictive covenant is overbroad: its duration, the geographic limits, and the scope of activities prohibited. Each of those factors must be narrowly tailored to ensure the covenant is no broader than necessary to protect the employer's interests.

Cmty. Hosp. Group, Inc. v. More, 183 N.J. 36, 58-59 (2005). A Court applying the Solari test must arrive at "a factual determination . . . that the covenant protects the legitimate interests of the [employer], imposes no undue hardship on the [employee] and is not injurious to the public." Id. at 63.

As the party seeking enforcement of the non-competition clause, Plaintiffs bear the burden of proof that a valid contractual provision exists and, therefore, that it is reasonable.[2] Plaintiffs have not, however, presented any evidence with regard to the legitimate interests of the employer, the hardship on the employee, or the injuriousness to the public. Plaintiffs have not even offered an argument from which this Court could find that the provision is reasonable and, therefore, enforceable. While the parties agree that a Court may modify an overbroad non-compete covenant when it is reasonable to do so, Plaintiffs have not articulated or requested any such modifications. Thus, this Court has before it a covenant that precludes Butler from working in not only all of North America, but Central and South America, as well. Plaintiffs do not contend that Larkin had a legitimate interest in preventing Butler from working in South America. Plaintiffs have given this Court no basis to support findings that the covenant

---

event, Plaintiffs have presented no evidence of reasonableness for this Court to consider under any reading of the Solari standard.

[2] "To prevail on a breach of contract claim under New Jersey law, a plaintiff must establish three elements: (1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." Sheet Metal Workers Int'l Ass'n Local Union No. 27 v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013).

protected the legitimate interests of Larkin, imposed no undue hardship on Butler, and was not injurious to the public. Plaintiffs have failed to show that the non-compete clause is reasonable and enforceable. As such, this Court concludes that the non-compete clause is not reasonable and is unenforceable under New Jersey law.

While Count I in the Complaint alleges that Butler used Plaintiffs' confidential information and trade secrets in his employment with BBD, Plaintiffs' opposition brief addresses this issue with only a vague, conclusory assertion. The opposition brief neither identifies specific trade secrets and confidential information, nor points to evidence that Butler possessed, used, or misappropriated same. This Court concludes that Plaintiffs have abandoned all claims that Butler misappropriated, misused, or disclosed confidential information or trade secrets.

Because the non-compete clause is unenforceable, Butler cannot have breached it.[3] As to Count I, Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. As to Count I, the motion for summary judgment will be granted, and Judgment on Count I will be entered in Butler's favor.

Count II asserts that, in breaching the Purchase Agreement, Butler breached the covenant of good faith and fair dealing implied by New Jersey law in every contract. Defendants argue persuasively that, having failed to prove the existence of an enforceable non-compete provision, Plaintiffs cannot prove a claim for breach of the associated implied covenant of good faith and fair dealing. As to Count II, Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. As to Count II, the motion for summary judgment will be granted, and Judgment on Count II will be entered in Butler's

---

[3] Furthermore, Plaintiffs have pointed to no evidence that any breach caused them any damage.

favor.

Count III asserts a claim for misappropriation of trade secrets. As already discussed, this Court finds that Plaintiffs have abandoned this claim. As to Count III, Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. As to Count III, the motion for summary judgment will be granted, and Judgment on Count III will be entered in Butler's favor.

Counts IV and V assert claims for breach of the ND/NC Agreement by Malone and BBD. Count IV asserts that Malone and BBD breached clause 7 of the ND/NC Agreement by employing Butler, and breached clauses 2 and 4 by selling a biodiesel plant to Tri-State Biodiesel. Clause 7 states:

> **Non-Solicitation.** The undersigned Party agrees to not solicit, employ, or otherwise approach any employees, officers or directors of NABFCNJ or its partners or derivative companies.

(Malone Dec. Ex. A § 7.) The only date appearing on this document is alongside Malone's signature executing it: August 9, 2009. (Id. at 3.) The Purchase Agreement, whereby Butler sold 98% of his interest in NABFCNJ to Larkin, recites a transaction date of August 4, 2009. (Butler Dec. Ex. B at 1.) The Purchase Agreement also recites that the seller resigned from any management position he held with NABFCNJ. (Butler Dec. Ex. B § 7.) The Purchase Agreement provides as well that NABFCNJ "hereby employs the Seller as Chief Technical Officer." (Butler Dec. Ex. B § 9.)

Clause 7 bars solicitation of employees, officers, or directors of NABFCNJ. The Complaint alleges that NABFCNJ employed Butler as Chief Technical Officer. (Compl. ¶ 11.) While the Purchase Agreement does recite that, on the transaction date, NABFCNJ employed

Butler as Chief Technical Officer, the record contains no other evidence that it actually did so. The record does contain Butler's sworn statement that he was never an employee of NABFCNJ. (Butler Decl. ¶ 16.)  The record contains no other evidence relevant to the question of whether NABFCNJ employed Butler after the execution of the Purchase Agreement.  From this record, no reasonable factfinder could conclude that Butler was an employee of NABFCNJ after the execution of the Purchase Agreement.  Therefore, Malone and BBD could not have breached the non-solicitation clause in the ND/NC Agreement in employing Butler.

Count IV also asserts that Malone and BBD breached clauses 2 and 4 of the ND/NC Agreement by disclosing confidential information and trade secrets to Tri-State Biodiesel.  The opposition brief neither identifies specific trade secrets and confidential information, nor points to evidence that Malone or BBD possessed, used, or misappropriated same.  There is no evidence to support a claim that Malone and BBD disclosed confidential information or trade secrets to Tri-State Biodiesel.

As to Count IV, Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law.  As to Count IV, the motion for summary judgment will be granted, and Judgment on Count IV will be entered in favor of Malone and BBD.

Count V asserts a claim for breach of the implied covenant of good faith and fair dealing in connection with the conduct alleged in Count IV.  Because this Court has concluded that Malone and BBD did not breach any provision of the ND/NC Agreement, there can be no claim for breach of the implied covenant of good faith and fair dealing.  As to Count V, Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law.  As to Count V, the motion for summary judgment will be granted,

and Judgment on Count V will be entered in favor of Malone and BBD.

Count VI asserts a claim against all Defendants for tortious interference with contract, alleging that Butler, Malone, and BBD interfered with the relationship between Plaintiff NABFCNJ and Tri-State Biodiesel by disclosing confidential information and trade secrets belonging to NABFCNJ. Count VII asserts a claim against Malone and BBD for misappropriation of trade secrets. As already stated, the opposition brief neither identifies specific trade secrets and confidential information, nor points to evidence that any Defendant possessed, used, or misappropriated same. There is no evidence to support a claim that any Defendant misappropriated trade secrets or disclosed confidential information or trade secrets to Tri-State Biodiesel. As to Counts VI and VII, Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. As to Counts VI and VII, the motion for summary judgment will be granted, and Judgment on Counts VI and VII will be entered in favor of Defendants.

Defendants have shown that there are no genuine disputes as to any material fact and that they are entitled to judgment as a matter of law on every claim in the Complaint. Defendants' motion for summary judgment will be granted, and Judgment will be entered in Defendants' favor on every claim.

                                                                     s/ Stanley R. Chesler
                                                                    STANLEY R. CHESLER, U.S.D.J.

Dated: July 13, 2017